Roy DOTSON, Plaintiff,

v.

The PENNSYLVANIA RAILROAD
COMPANY, a corporation,
Defendant.

Civ. A. No. 11029.

United States District Court
W. D. Pennsylvania.

June 26, 1956.

Robert B. Ivory, of Evans, Ivory &
Evans, Pittsburgh, Pa., for plaintiff.

Samuel W. Pringle, of Pringle, Bredin
& Martin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Safety Appliance Act to recover damages for injuries sustained while plaintiff was employed as a brakeman for The Pennsylvania Railroad Company, a corporation. 45 U.S.C.A. § 11.

Upon jury trial a verdict was returned in favor of plaintiff in the amount of $22,000.

The matter before the court relates to defendant's motion for new trial in which it is contended:

(1) The court erred in admitting a copy of accident report filed by defendant's conductor who was in charge of plaintiff's crew at time of accident.

(2) On the basis of the reputation and capabilities of plaintiff's and defendant's doctors, the court should substitute defendant's judgment for that of the jury as to their believability.

(3) The court erred in excusing for cause a juror whose father-in-law was an employee of defendant Railroad.

■ The exhibit, to which defendant makes objection, was a copy of an accident report filed by defendant's conductor in charge of plaintiff's crew and defendant's train at time of the accident. The report was filled out on a form supplied by defendant in compliance with defendant's rules requiring submission of said report in event of accident. Proof was submitted that, at the close of the tour of duty on which plaintiff was injured, defendant's conductor filled out the report and submitted it in a proper manner. Statements by the conductor as to the cause of an accident are admissible, where they are required by the railroad company to ascertain and report the cause of the accident, for such declarations are within the scope of his duty, and being so are declarations of the principal. Chicago, St. P., M. & O. Ry. Co. v. Kulp, 8 Cir., 102 F.2d 352, 133 A.L.R. 1445, certiorari denied 307 U.S. 636, 59 S.Ct. 1032, 83 L.Ed. 1518; Atlantic Coast Line R. Co. v. Tiller, 4 Cir., 142 F.2d 718.

■ In addition, a further cogent reason exists for admitting the conductor's accident report into evidence. The rule is well settled which permits the receipt of admissions made by an agent of a party when the agent's powers are broad enough to constitute him the general representative of the principal with broad managerial responsibilities. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 183 F.2d 467.

■ In view of the conductor being the person in charge of his crew and exercising, as he does, greater direct supervision and managerial influence over his crew than any person in the railway hierarchy, I am satisfied that the conductor's powers are broad enough to constitute him the general representative of the principal with broad managerial responsibilities.

An irreconcilable clash in testimony developed between Dr. Carlisle McKee and Dr. Murray F. McCaslin, both reputable and respected ophthalmologists in the Western Pennsylvania community. Dr. McCaslin, speaking as examining physician in behalf of defendant, advanced the proposition that plaintiff was a malingerer. Dr. McKee, as plaintiff's examining and treating physician, testified to a serious impairment in the central vision of the left eye, brought on by hemorrhage occurring within the orbit resulting from a severe blow experienced in the accident.

■ In view of the jury verdict rendered in behalf of plaintiff, I can only conclude that the jury accepted the opinion and gave the most weight to the views of Dr. McKee. Defendant contends that the court should reject the opinion of Dr. McKee, as accepted by the jury, and substitute, in lieu thereof, the position advanced by Dr. McCaslin. The jury had opportunity to personally observe the two witnesses, to evaluate their credibility on cross-examination, and to determine whatever degree of bias each might demonstrate. In the absence of

some extraordinary circumstance, I do not believe, regardless of the high esteem and enviable reputation which defendant's physician might command, that the court should substitute its judgment for that of a jury as to the weight or lack of weight to be given to the testimony of an expert witness.

■ The court excused for cause a juror whose father-in-law was an employee of defendant Railroad. In the administration of my trust, I have always pursued the policy of removing for cause any juror about whom any possible cloud of bias might arise due to the intimacies of family relationship to one party litigant or the other. I have always believed that any doubt, however slight, must give way to an uncompromising atmosphere of impartiality and open-mindedness.

In my judgment, the efficacy and future existence of our jury system of trial is dependent upon the relentless enforcement of this elementary rule of justice.

In considering the instant motion for new trial, I have evaluated the complete record and exhibits with meticulous care. Upon careful scrutiny of testimony elicited from plaintiff's witnesses, I am satisfied that it is consistent, coherent and logically sound, and indeed, creates such inferences from which the jury could have reasonably concluded the violation of the provisions of the Safety Appliance Act as having been the proximate cause of plaintiff's injury.

■ Upon review of all the credible evidence, it is my considered judgment that the verdict rendered was not against the evidence, weight of the evidence, or the law.

I am further satisfied that the award was commensurate with the amount of damages evinced in the record.

Defendant's motion for new trial will be refused.

An appropriate order is entered.